IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN LOWERY | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | DEFENDANT DEMANDS A JURY |
| WAL-MART STORES, INC. D/B/A | § | |
| WAL-MART SUPERCENTER (NAVASOTA) | § | |
| WAL-MART STORES EAST, LP D/B/A | § | |
| WAL-MART SUPERCENTER (NAVASOTA) | § | |
| WAL-MART STORES TEXAS, LP D/B/A | § | |
| WAL-MART SUPERCENTER (NAVASOTA) | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| D/B/A WAL-MART SUPERCENTER | § | |
| (NAVASOTA) AND RUBEN LOPEZ | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, DEFENDANTS, WAL-MART STORES TEXAS, LLC, INCORRECTLY NAMED AS WAL-MART STORES, INC., WAL-MART STORES EAST, LP, WAL-MART STORES TEXAS, LP, AND RUBEN LOPEZ, (hereinafter "Defendants"), and file this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

**I.
STATEMENT OF GROUND FOR REMOVAL**

1.      On December 19, 2016, Plaintiff, Lynn Lowery ("Plaintiff"), commenced an action in the 506th Judicial District of Grimes County, Texas, captioned "Cause No. 33947; *Lynn Lowery.*

*Wal-Mart Stores, Ind. d/b/a Wal-Mart Supercenter (Navasota), Wal-Mart Stores East, LP d/d/a Wal-Mart Supercenter (Navasota), Wal-Mart Stores Texas, LP d/b/a Wal-Mart Supercenter (Navasota), Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter (Navasota) and Ruben Lopez*" in which she sought damages allegedly resulting from falling in the parking lot of Defendant's store on December 24, 2014. *See* Ex. A, Plaintiff's Original Petition, Section IV, Paragraphs 13–16. She served Defendants on December 27, 2016.

2. The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

3. Upon filing of this Notice of Removal of the cause, Defendants gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Grimes County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a). This removal is timely filed within 30 days of Plaintiff's lawsuit being served upon Defendants. *See* Ex. A.

## III.
## VENUE

4. This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV.
## PARTIES

5. Plaintiff is a citizen of Texas and she resides in Grimes County, Texas. *See* Ex. A, Section II, Paragraph 2.

6. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

7. Defendant, Wal-Mart Stores Texas, L.L.C., is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart Stores, Inc. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co., which is a wholly owned subsidiary of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Wal-Mart Stores, Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

8. Plaintiff has also improperly sued Defendant's store manager, Ruben Lopez, whose residency was never pled by Plaintiff, but who is a citizen of the State of Texas.

9. The citizenship of the parties as alleged above remains unchanged at the time of removal.

## V.
## PLAINTIFF'S CAUSES OF ACTION

10. Plaintiff alleges that Defendants are liable to Plaintiff under a respondeat superior, premises liability, and gross negligence theory, after Plaintiff allegedly tripped and fell on Defendant's premises. *See* Ex. A, Section IV.

## VI.
## JURISDICTIONAL BASIS FOR REMOVAL

11. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The relevant jurisdictional facts are to be judged as of the time of removal. *Id.* Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

A. **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

12. Under 28 U.S.C. §1446(c)(2), if removal is sought on the basis of the jurisdiction conferred by 28 U.S.C. §1332, the sum demanded in good faith in the initial pleadings shall be deemed to be the amount in controversy. *See* 28 U.S.C. §1446(c)(2).

13. When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Gebbia*, 233 F.3d at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is

likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the 'facially apparent' test is not met [will the court] require 'summary judgment' type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 46 Fed. App'x 226, at *2–3 (5th Cir. 2002).

14. In her Original Petition, Plaintiff claims that she sustained bodily injury and damages as a result of the alleged incident. *See* Ex. A, Section VIII. Specifically, Plaintiff had to seek immediate medical care and was diagnosed with a wrist and back fracture. *Id.* Since the incident, Plaintiff has "been forced to undergo continuous care and treatment." *Id.* As such, Plaintiff alleges she has had and must continue to "endure a long and painful recovery process." Plaintiff alleges she suffered physical pain and mental suffering; physical impairment; emotional distress; physical disfigurement; and loss of ability to enjoy life. *Id.*

15. In addition, Plaintiff seeks punitive damages against Walmart for false imprisonment and malicious prosecution. *Id.* The purpose of punitive damages is to punish a tortfeasor whose wrongful action was intention or malicious and to deter him and others from similar extreme conduct. *Allen v. R & H Oil & Gas Co.*, 63. F.3d 1326, 1332 (5th Cir. 1995). The amount of a plaintiff's punitive damages claim can be considered in assessing the amount in controversy. *Id.*

16. In *Allen v. R&H*, the Fifth Circuit held that plaintiffs' claim for punitive damages, asserting that harm caused for wanton and reckless conduct, would be facially apparent that damages sought exceeded the threshold amount for removal. *Id.* at 1336. Thus, applying common sense, the court held that if plaintiffs were successful in their punitive damages claim, the amount in controversy was sufficient for the court to exercise federal jurisdiction. *Id.* at 1336. In *White v.*

*FCI USA, Inc.*, the Fifth Circuit held that the district court's removal, based on plaintiff's lengthy list of compensatory and punitive damages combined with attorney's fees, was proper and met the facially apparent test. 319 F.3d 672, 675–76 (5th Cir. 2003).

17. Plaintiff specifically seeks monetary relief over $100,000.00 or more. *See* Ex. A, Section IX. Plaintiff was not obligated to plead that she sought monetary relief in excess of $100,000.00; Plaintiff chose to plead for recovery of these damages precisely because she felt the amount in controversy was within that range. *See* TEX. R. CIV. P. 47(c) (also permitting a plaintiff to plead for monetary damages of $100,000.00 or less). Under 28 U.S.C. §1446(c)(2), Plaintiff's demand for relief over $100,000.00 and under $200,000.00 shall be deemed the amount in controversy.

18. Therefore, under its preponderance of the evidence standard, Defendants have established that it is facially apparent that the amount in controversy is likely to exceed $75,000.00.

## B. DIVERSITY OF CITIZENSHIP

19. As set forth, *supra*, Plaintiff and Lopez are citizens of the State of Texas. Lopez is the manager of the Store. The citizenship of non-diverse defendants may be disregarded for the purposes of determining diversity if improper joinder is established. *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). Absent outright fraud in the pleadings, an in-state defendant is fraudulently or improperly joined if the Court finds "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit emphasized that such possibility must be reasonable, and not be merely theoretical. *Id.* at 573 n. 9.

20. To make this determination, the Court conducts a "Rule 12(b)(6)-type analysis." *Id.* at 573. When evaluating the possibility of whether a plaintiff can establish a claim against an in-state defendant, district courts are to apply the substantive law of the forum state. *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 421 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed 1188 (1938)). "And the court is 'bound to apply the law as interpreted by the state's highest court.'" *Hughes*, 278 F.3d at 421 (citing *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 928 (5th Cir. 1995) (quoting *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)).

21. Although the pleading standard does not require detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (interpreting the Supreme Court's earlier ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570).

22. A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1949. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 577). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…." *Iqbal*, at 1949.

23. In ruling on a 12(b)(6) Motion to Dismiss, the court "must identify allegations that, because they are merely conclusions, are not entitled to an assumption of truth." *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1950 (2009). Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) Motion. *Id.* at 1949.

24. An employee may be held individually liable for his or her actions in an employment context <u>only if</u> the employee owes an independent duty of care to the claimant apart from the employer's duty, or commits an intentional tort against the claimant. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). However, *Leitch* did not deal with invitor-invitee circumstances in premises liability cases, a fact pointed out in 1998 by *Valdes v. Wal-Mart*, 1998 WL 648571 at *5 (5th Cir. Sept. 4, 1998).

25. In 2005, the Texas Supreme Court confirmed that the broad applicability of *Leitch* included invitor-invitee circumstances in premises liability cases. *Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005). In *Tri*, the Texas Supreme Court stated the following:

> The defendants are correct that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals. We explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not. '[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.'... [In *Leitch*] [w]e held that the actions or inactions of the individuals were actions or inactions 'within their capacities as officers' of Hornsby's corporate employer and that the individuals 'had no individual duty as corporate officers to provide Hornsby with a safe workplace.' The individuals were not liable for their negligence because they 'did not breach any separate duty' to Hornsby. Only their corporate employer was liable for their negligence. The existence of a legal duty is a question of law for the court to decide, and that determination is made 'from the facts surrounding the occurrence in question.'...

*Tri*, 162 S.W.3d 552, 562-63 (internal citations omitted).

26. Following the *Tri* decision, Texas courts have cited *Leitch* in holding that corporate agents and/or officers were not liable in their individual capacities because of the absence of an independent duty to the plaintiff. *See, e.g., Texas Specialty Trailers, Inc. v. Jackson & Simmen Drilling Co.*, 2009 WL 2462530, *4 (Tex. App.—Fort Worth 2009, no pet. hist.) (defendant "owed

no duty and cannot be personally liable for negligence."); *Ching v. Barahona*, 2008 WL 4006758, *9 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (declining to pierce the corporate veil to find corporate agent personally liable for worker's injuries); and *Pico v. Capriccio Italian Rest., Inc.*, 209 S.W.2d 902, 912 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("a corporate officer or agent may be individually liable to others for his own negligence within the employment context only when he owes an independent duty of reasonable care to the injured party apart from the employer's duty.") (emphasis added). The Beaumont Court of Appeals recently applied *Leitch* to determine whether venue was proper as to a specific defendant. *Union Pacific Railroad Co. v. Cezar*, 2009 WL 2045299, *15–16 (Tex. App.—Beaumont 2009, no pet. hist.) (finding venue improper because employee owed no independent duty).

27. All four Texas federal districts have addressed the *Leitch* and *Tri* holdings in the context of the facts similar to the case at bar. In *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp.2d 476, 481 (S.D. Tex. 2008), the Southern District court noted that an independent duty does not apply to department managers and no reasonable possibility existed that the plaintiff could recover from the department manager under Texas law. The court noted that "[b]y extending the holding in *Leitch* to premises liability actions, the *Tri* court resolved the concern of the Fifth Circuit in *Valdes*." *Id.*

28. Similarly, the Eastern District ruled *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 836-37 (E.D. Tex. 2008) that the concerns expressed by the Fifth Circuit in *Valdes* "regarding the application of *Leitch* to invitor-invitee cases were recently resolved by the Texas Supreme Court in [*Tri*]." The court held that "because [the plaintiff] ha[d] failed to demonstrate the existence of any independent duty on the part of the assistant manager, Texas law precludes a finding against [her] in her individual capacity" and thus, she was improperly joined." *Id.*

29. In *McKinney v. Home Depot, USA, Inc.*, 2006 WL 2947324 (N.D. Tex. 2006) (unpublished), the Northern District court examined whether a managerial employee was properly joined in a suit arising from a premises liability claim. Citing *Tri*, the court held that it was "satisfied that the principles of *Leitch* are controlling in this action. Unless the [employee] had an independent duty to plaintiff, there is no reasonable possibility of recovery against [the employee], and [the employee] is improperly joined." *Id.* at *2. The court found that because the plaintiff failed to allege that the store manager owed an independent duty to the plaintiff, the manager was improperly joined as a defendant. *Id.*

30. In another case denying remand, the court noted that, despite an allegation that an independent cause of action against the store manager existed, plaintiff contended that the manager and "all other employees of Home Depot were acting in the course and scope of their employment..." *Allen v. Home Depot U.S.A, Inc.*, 2004 WL 2270001, *2 (W.D. Tex. 2004) (not reported). The court held that because the plaintiff also alleged that the store manager was acting in the course and scope of his employment, there was no possibility of recovery by the plaintiff against the store manager individually, despite plaintiff's allegation that an independent cause of action against the manager existed. *Id.*

31. In the "Facts" section of Plaintiff's Original Petition, Plaintiff never makes a single allegation against Lopez in his individual capacity. *See* Ex. A at Section IV. Rather, Plaintiff merely states "Ruben Lopez, was the store manager at the Wal-Mart." *Id.* Every factual allegation contained within that section is alleged as "Defendants." *See id.* If Plaintiff has sued Lopez solely because Lopez is the store manager, then Lopez's conduct cannot be said to constitute an independent duty of care. Plaintiff's claims against Lopez and "Defendants" constitute a <u>dependent</u> duty of care, which Lopez would have solely based upon his employment as a manager at

Defendant's Store. Were Lopez merely a customer, he would have no independent duty of care to control the premises, train employees, correct a condition on the premises, manage the Store, or place any precautions in the area. Plaintiff never alleges that Lopez owed Plaintiff an independent duty of care. *See id.* Even more importantly, Plaintiff's Original Petition does not even contain an allegation that Lopez was present at the store on the day in question. *See id.*

32. Texas law makes clear that no reasonable possibility exists for Plaintiff to recover against Lopez in his individual capacity. *See Leitch*, 935 S.W.2d at 117; *Tri*, 162 S.W.3d at 562-63. *see, e.g., Solis*, 617 F. Supp.2d at 481. The Southern District has held that an independent duty of care does not apply to department managers simply because of their employment as department managers. *See, e.g., Solis*, 617 F. Supp.2d at 481. Other districts have required a plaintiff to demonstrate an independent duty of care on the part of assistant managers, managerial employees, and store managers in order to causes of action against those persons. *See e.g., Bourne*, 582 F. Supp. 2d at 836-37; *McKinney*, 2006 WL 2947324 at *2; and *Allen*, 2004 WL 2270001 at *2. Because Plaintiff has failed to allege any <u>facts</u> against Lopez in his individual capacity, outside of his employment as a manager, the Court should find that Plaintiff has failed to provide any support for a claim that Lopez owed Plaintiff an independent duty of care. As such, the Court should hold that Lopez was improperly joined as a nominal defendant for the sole purpose of defeating diversity and depriving this Court of jurisdiction.

## VII.
## CONCLUSION

33. Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendants have established that diversity of citizenship exists between the properly joined parties in this case. Therefore, the Court should find that removal was proper in this case.

## VIII.
## PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, L.L.C. prays that this Court find that the above-styled action now pending in the 506th Judicial District Court of Grimes County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

BUSH & RAMIREZ, P.L.L.C.

/s/John A. Ramirez
_____

John A. Ramirez
TBN: 00798450
FBN: 21280
Crystal T. Dang
TBN: 24097566
FBN: 2789486
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
cdang.atty@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 19th day of January, 2017.

Roy D. Brantley
West, Webb, Allbritton & Gentry, PC
1515 Emerald Plaza
College Station, Texas 77845

/s/John A. Ramirez
_____
John A. Ramirez | Crystal T. Dang