Filed 12/9/2016 3:16:56 PM
Gay Wells
District Clerk
Grimes County, Texas
Received By: Gay Wells

CAUSE NO. 33947

| | | |
|---|---|---|
| LYNN LOWERY | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| VS. | § | GRIMES COUNTY, TEXAS |
| | § | |
| WAL-MART STORES, INC. d/b/a | § | |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), | § | |
| WAL-MART STORES EAST, LP d/b/a | § | |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), | § | |
| WAL-MART STORES TEXAS, LP d/b/a | § | |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| d/b/a | § | |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), and | § | 506TH JUDICIAL DISTRICT |
| RUBEN LOPEZ | § | |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LYNN LOWERY, hereinafter called Plaintiff, complaining of WAL-MART STORES, INC. d/b/a WAL-MART SUPERCENTER (NAVASOTA), WAL-MART STORES EAST, LP d/b/a WAL-MART SUPERCENTER (NAVASOTA), WAL-MART STORES TEXAS, LP d/b/a WAL-MART SUPERCENTER (NAVASOTA), WAL-MART STORES TEXAS, LLC d/b/a WAL-MART SUPERCENTER (NAVASOTA), (hereinafter collectively referred to as "Defendants" or "WAL-MART") AND RUBEN LOPEZ, (and for cause of action would respectfully show unto the Court as follows:


EXHIBIT A

# I.
# DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of the Texas Rule of Civil Procedure 190.4.

# II.
# PARTIES AND SERVICE

2. Plaintiff, Lynn Lowery, is an individual and resident of Grimes County, Texas.

3. Upon information and belief, Defendants, WAL-MART STORES, INC., is a corporation organized and existing under the laws of the State of Delaware and doing business in the state of Texas. The Wal-Mart store in this lawsuit is located at 1712 East Washington Avenue, Navasota, Texas 77868. Wal-Mart Stores, Inc. is registered to do business in Texas and it may be served with process by delivery to its registered agent C T Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

4. Upon information and belief, Defendants, WAL-MART STORES EAST, LP is a limited partnership organized and existing under the laws of the State of Delaware and doing business in the state of Texas. Defendants may be served with process by delivery to its registered agent C T Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

5. Upon information and belief, Defendants, WAL-MART STORES TEXAS, LP is a Texas limited partnership authorized to do business and is doing business in the state of Texas. Defendants may be served with process by delivery to its registered agent C T Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

6. Upon information and belief, Defendants, WAL-MART STORES TEXAS, LLC is a limited liability company organized and existing under the laws of the State of Delaware and doing business in the state of Texas. Defendants may be served with process by delivery to its registered agent C T Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

7.    Upon information and belief, Defendants, RUBEN LOPEZ, is an individual and resident of Texas. At the time of the incident in question LOPEZ was employed by WAL-MART as store manager and may be served with process at Defendants' usual place of business, Wal-Mart Supercenter, located at 1712 East Washington Avenue, Navasota, Grimes County, Texas.

### III.
### JURISDICTION AND VENUE

8.    Plaintiff seeks damages which are within the jurisdictional limits of this Court.

9.    This court has jurisdiction over Defendants, WAL-MART, because said Defendants purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, the claim herein arises from or relates to said Defendants' activities in Texas, and the exercise of jurisdiction over Wal-Mart Stores, Inc., will not offend traditional notions of fair play and substantial justice, and is consistent with the Constitutional requirements of due process.

10.    Plaintiffs would show that Defendants, WAL-MART, had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

11.    Plaintiffs would further show that Defendants, WAL-MART, engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants committed a tort in whole or in part in the State of Texas, and in that said Defendants recruits Texas residents for employment inside or outside of Texas.

12.    Venue is proper in Grimes County, pursuant to Texas Civil Practices and Remedies Code § 15.002, because Grimes County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.
## FACTUAL SUMMARY

13. Plaintiff would respectfully show unto the Court that on or about December 24, 2014, Plaintiff visited the Wal-Mart Store, as an invitee, located at 1712 East Washington Avenue, Navasota, Texas 77868. Defendants, RUBEN LOPEZ, was the store manager at the Wal-Mart Store when the incident made basis for this suit occurred. Plaintiff properly parked in a handicapped parking spot on Defendants' premises. After purchasing merchandise from Defendants, Plaintiff carried the items she recently purchased back to her car. Plaintiff opened the back of her vehicle and as it was opening, while exercising care and caution, she took a small step back to allow it to open. Unbeknownst to Plaintiff, there was a hole in the handicapped parking spot that Plaintiff's foot tripped in.



As a result of the hole on Defendants' premises, Plaintiff fell backward falling on her right side and bracing her fall with her right hand.

14. Due to the injuries suffered by Plaintiff she sought immediate medical care at St. Joseph Grimes County Health Center. Plaintiff was diagnosed with a fracture in her wrist and a

fracture in her back. As a result of the injuries suffered by Plaintiff, she has been forced to undergo continuous care and treatment ever since and will continue into the future.

15. Plaintiff has had, and will continue to, endure a long and painful recovery process. Plaintiff has had to expend considerable sums of money in the medical treatment of, and recovery from, her injuries, as well as related expenses.

16. The accident on December 24, 2014, was proximately caused by the carelessness and negligence of Defendants. As a result of such carelessness and negligence, Plaintiff was caused to suffer painful, serious and permanent bodily injuries, as well as all incidental and consequential damages that flow therefrom.

## V.
## RESPONDEAT SUPERIOR

17. Whenever this Petition alleges that Defendants did any act or thing, the Petition means that the Defendants' officers, agents, servants, employees, or representatives did such an act or thing and, at the time such act or thing was committed, it was done with the full authorization or ratification of the Defendants, or was done in the normal and routine course and employment of the Defendants' officers, agents, servants, employees, or representatives. The doctrines of agency, respondent superior, authorization, and ratification impute to the Defendants the acts and omissions of said officers, agents, servants, employees, or representatives.

## VI.
## CAUSE OF ACTION: NEGLIGENCE- PREMISES LIABLITY

18. Plaintiff incorporates by reference herein the facts as set forth above. Plaintiff was a business-invitee to premises possessed by Defendants. Plaintiff entered the premises with Defendants' knowledge and for their mutual benefit. The Wal-Mart was open to the general consuming public, and Plaintiff entered to get a purchase merchandise.

19. A condition on the premises posed an unreasonable risk of harm. The hole in the handicapped parking space posed an unreasonable danger to the Plaintiff and other business-invitees. Defendants knew, or reasonably should have known, of the danger. Defendants breached its duty of ordinary care by both failing to adequately warn the Plaintiff of the condition as well as failing to make the condition reasonably safe. Defendants' breaches proximately caused Plaintiff's injuries.

## VI.
## CAUSES OF ACTION- GROSS NEGLIGENCE

20. Plaintiff incorporates by reference herein the facts as set forth above.

21. Each of the above acts and omissions, singularly or in combination with others, constituted negligence that proximately caused the collision and the injuries that Plaintiff suffered. Further, such conduct of Defendants, which proximately caused the incident made the basis of this suit and Plaintiff's injuries, was so egregious and likely to cause harm that it also constituted gross negligence and malice. The acts and omissions of Defendants was so reckless and in complete disregard for safety regulations and human life that said acts and omissions, when considered both objectively and subjectively, constituted gross negligence.

## VIII.
## DAMAGES

22. Plaintiff suffered severe personal injuries as a proximate result of the negligent acts and/or omissions of Defendants. Plaintiff will seek to recover all damages allowed by law, including money damages to compensate her for the following:

   a) Physical pain and mental suffering in the past;

   b) Physical pain and mental suffering in the future;

   c) Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries in the past;

   d) Reasonable and necessary medical expenses to be incurred by Plaintiff in the treatment of Plaintiff's injuries in the future;

   e) Physical impairment in the past and in the future;

   f) Physical disfigurement in the past and in the future;

   g) Emotional distress;

   h) For loss of the ability to enjoy life; and

   i) Punitive and/or exemplary damages.

23. Therefore, Plaintiff will ask the jury to find an amount of compensatory damages that are fair and reasonable under the circumstances. Plaintiff believes that the evidence in this case will justify an award in excess of the minimum jurisdictional limits of this Court.

## IX.
## RELIEF SOUGHT

24. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought in this case are in an amount within the jurisdictional limits of the Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel seeks monetary relief, the maximum of which is greater than $100,000,000. The amount of monetary relief actually awarded however, will ultimately be determined by the jury. Plaintiff seeks pre-judgment and post-judgment interest at the highest legal rate.

## X.
## NOTICE OF INTENT TO USE DOCUMENTS (193.7 TEX.R.CIV.P.)

25. Pursuant to Tex. R. Civ. P. 193.7, Plaintiff hereby gives notice to all parties that Plaintiff intends to use, as evidence at the time of trial, any and all documents produced in response to written discovery served by this Plaintiff, and any documents exchanged and provided between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses).

## XI.
## EVIDENCE PRESERVATION

| Clerk of the Court | Attorney for Plaintiff |
|---|---|
| Gay Wells, District Clerk | Roy D. Brantley |
| P.O. Box 234 | 1515 Emerald Plaza |
| Anderson, Texas 77830 | College Station, Texas 77845-1515 |

The State of Texas

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO Ruben Lopez may be served with process at 1712 East Washington Avenue, Grimes County, Texas, or wherever the defendant may be found. **Defendant**

**GREETINGS:** You are commanded to appear by filing a written answer to Plaintiff's Original Petition & Request For Disclosure before 10:00 o'clock a.m. of the Monday next after the expirations of 20 days after the date of service hereof, before the 506th District Court of Texas, at the Courthouse in Grimes County, Anderson, Texas. Said petition was filed on the 9th day of December 2016 in this cause numbered 33947.

**Lynn Lowery**
**Vs.**
**Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter (Navasota),**
**Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter (Navasota),**
**Wal-Mart Stores Texas, LP d/b/a Wal-Mart Supercenter (Navasota),**
**Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter (Navasota), and**
**Ruben Lopez**

The nature of Plaintiff's demand is fully shown by a nature and correct copy of Petition accompanying this citation and made a part hereof. The officer executing this writ shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office this 12th day of December 2016

Gay Wells, Grimes County District Clerk

By: _____ Deputy

*******************************************************************
**Officers Return**

Came to hand the  21  day of  December , 2016 at  12:00 o'clock  P  M. Executed at _____
  1712 E Washington Ave  Within the County of Grimes at  12:26  O'clock  P .M.
On the  27  day of  December , 2016, by delivering to the within named  Ruben Lopez
_____ Having first attached such copy of such petition of citation and endorsed on such copy of citation the date
of delivery.

_____
Constable, Grimes County Texas
**WES A. MALE**
**CONSTABLE, PCT. 3 & 4**
**GRIMES CO., TX.**   **DEFENDANT**

2015-10-07 06:34              personnel 9368257185 >>                    P 1


Save money. Live better.

# Fax Sheet for New Lawsuits

| | |
|---|---|
| To: Legal Department/Central Intake | Contact Name: Ruben Lopez |
| Date: 12/27/2016 | Store or Club Number: 293 |
| Fax: 479-277-5991 | Date Received: 12/27/16 |
| Email: newlsrfi@wal-mart.com | Plaintiffs Name: LYNN LOWERY |
| Phone: 479-273-4505 | Total Pages: 1 of 11 |

Instructions: Fax or email documents with cover page to Legal Department, make a copy for your records and mail in the originals to Walmart Legal Department 702 SW 8th Street, Bentonville, AR 72716-0215 If you have questions, please call the Legal Department Operator at 479-273-4505.

Comments:

Received 12/27/16   FAxed 12/27/16

This fax is intended for the sole use of the individuals to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any disseminations, duplication or distribution of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this fax is in error, immediately notify the Legal Department by calling 479-273-4505.