IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN LOWERY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WAL-MART STORES, INC. d/b/a | § | |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), | § | |
| WAL-MART STORES EAST, LP d/b/a | § | CIVIL ACTION NO. 4:17-CV-00166 |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), | § | |
| WAL-MART STORES TEXAS, LP d/b/a | § | |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| d/b/a | § | |
| WAL-MART SUPERCENTER | § | |
| (NAVASOTA), and | § | |
| RUBEN LOPEZ | § | |

Defendants

**PLAINTIFF LYNN LOWERY'S MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Lynn Lowery, and would show the Court that this case should be remanded to the 506th Judicial District Court of Grimes County, Texas, where this cause was originally and properly filed, pursuant to 28 U.S.C.A. § 1447(c).

**I.
SUMMARY OF ARGUMENT**

1.      Plaintiff seeks remand of this action to the state court in which it was originally and properly filed pursuant to 28 U.S.C.A. § 1447(c) (West 2006) for the following reasons. First, Defendant Ruben Lopez (who is a resident of Texas) was properly *joined and served* at the time

of removal. 28 U.S.C. § 1441(b)(2) (2006) recognizes a procedural bar to removal if a forum defendant was properly joined and served at the time of removal.

2. Second, Plaintiff's state court pleadings sufficiently allege Lopez independently owed Plaintiff a duty of care. Having properly joined and served Lopez, Plaintiff needs only show she has a possibility to establish a cause of action against Lopez to negate a claim of fraudulent joinder. Specifically, Lopez failed to properly perform an inspection of the store parking lot at, or before, the time Plaintiff visited the Wal-Mart in Navasota, Texas. Lopez further failed to properly observe the obvious defective condition of the handicap parking space that was visible to the naked eye and advise caution, warn, or have repaired the dangerous condition in his store parking lot. By not recommending that the hole in the handicap parking space be cautioned off or fixed, Lopez (as the Store Manager) failed to follow the retail industry's practice and Wal-Mart's own policies and procedures.

3. Given Lopez's own negligence, this lawsuit should be remanded to the 506th Judicial District Court of Grimes County, Texas.

## II.
## INTRODUCTION

4. Plaintiff Lynn Lowery filed this lawsuit on December 9, 2016, alleging causes of action against Defendants for damages she suffered as a result of a fall in the parking lot of Defendant's store on December 24, 2014. A copy of Plaintiff's Original Petition is attached as Exhibit "A." Specifically,

5. All Defendants have been properly served with process and all Defendants have filed their Original Answer which is attached as Exhibit "B."

6. Defendants filed their Notice of Removal on January 19, 2017.

## II.
## ARGUMENT AND AUTHORITIES

### A. The Movants Walmart And Lopez Bear The Burden To Show Removal Was Proper

7. Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

8. The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Defendants must demonstrate that there is no possibility of recovery by Plaintiffs against Defendant Campbell. *Id.* Under this prong, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)).

### B. Removal Is Improper Because Of Lack Of Diversity Of Citizenship

9. Removal of this Plaintiff Lynn Lowery's case to federal court is improper because there is no diversity of citizenship. Defendant, Ruben Lopez, is a citizen of the State of Texas the state in which this suit was brought by Plaintiff Lowery. *See* 28 U.S.C.A. § 1441(b). Defendant,

Ruben Lopez, is a citizen of the State of Texas because he is a natural person residing in Texas. As a result, diversity jurisdiction does not exist, defeating the lone basis for the Court's jurisdiction over this suit. Accordingly, the Court should grant Plaintiff's Motion to Remand.

10. Diversity jurisdiction is proper only when a suit involves a controversy between citizens of different states or a citizen of a state and an alien. See 28 U.S.C. § 1332(a). It is clear the burden of proving that the Court has diversity jurisdiction rests on the party who removed the case. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

### C. Defendant Improperly States that no Individual Liability May be Asserted Against Ruben Lopez

11. Texas Federal District Courts have addressed numerous remands with similar facts, and in doing so have followed Texas law and the "fair notice" standard of pleading as allowed by *Texas Rule of Civil Procedure 47* and followed by the majority of the federal district courts. *See, i.e., McDaniel v. JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 174174 (E.D. Tex., 2012). Defendants nevertheless seek to invoke a "Rule 12 (b)(6)" analysis, although Courts indicate that a "stringent" standard "would be unfair" when a Plaintiff has filed in state court based on state court standards. *Id* *15. "A pleading will be liberally construed in favor of the pleader, and the court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged". *Id* *17. As Plaintiff has pleaded as required by state law, we can turn the focus of the remand to the law applicable to the actual claims brought against Defendant Ruben Lopez.

#### 1. Texas Law Imposes an Independent Duty not to Create a Dangerous Situation that Threatens Others

12. Texas tort law recognizes an independent legal duty to refrain from injuring others:

> There are many instances in which it may be said, as a matter of law, that there is a duty to do something, and in others it may be said, as a matter of law, that there is no such duty. Using familiar illustrations, it may be said generally, on the one hand, that **if a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby.**

*Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) (emphasis added), quoting *Smith Kline Beechman*, 903 S.W.2d 347, 353 (quoting *Buchanan v. Rose*, 138 Tex. 390, 159 S.W.2d 109, 110 (Tex.1942)).

13. Plaintiff's allegations, which must be taken as true, state that not only was Defendant Ruben Lopez the store manager in charge at the time that the Plaintiff was injured, but that Lopez failed to properly observe the obvious defective condition of the handicap parking space that was visible to the naked eye and advise caution, warn, or have repaired the dangerous condition in his store parking lot. See Plaintiff's Exhibit A at page 4. These actions/inactions created a foreseeable danger, and unquestionably embraces the *Torrington* duty described above.

    2. <u>Texas Law does not Immunize a Tortfeasor's Own Actions while they are acting in the Course and Scope of their Employment</u>

14. Texas law has long held that while an officer or agent of a corporation is always personally liable for his own torts, even when the principal is also liable, he cannot be held liable for a wrong in which he has not participated. *Mayflower Inv. Co. v. Stephens*, 345 S.W.2d 786, 795 (Tex. Civ. App. -- Dallas 1960, writ ref'd n.r.e.) (noting "an officer or any other agent of a corporation may be personally as responsible as the corporation itself for tortious acts when participating in the wrongdoing"). In its analysis, the Court must consider whether under Texas law there is the possibility that an employee is personally liable for the tortious acts which he

*directs* or *participates* in during his employment. The Texas Supreme Court has already answered this inquiry AFFIRMATIVELY.

15. In *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) the Defendant argued that a corporate employee who commits a tort while acting within the scope of his employment is not liable to the party injured. The Texas Supreme Court responded, **"[w]e disagree. A corporation's employee is personally liable for tortious acts which he directs or participates in during his employment.** *Id.* at 375. (emphasis added). *See also Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) (the longstanding rule in Texas is that a corporate agent is personally liable for his own fraudulent or tortious acts).

16. Whether a Wal-Mart store manager may be properly joined has already been decided by the 5th Circuit. In *Valdez v. Wal-Mart Stores, Inc.*, 158 F.3d 584, 1998 WL 648571 (C.A.5 (Tex.)), this Court has held that joinder of a store manager was proper, and remand appropriate. In doing so, the Court relied in part on the long-standing decision rendered in *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex.Civ.App.-Beaumont 1952, writ ref'd n.r.e.), which held that a general store manager owed an independent duty of care toward business invitees based on his right, as manager of the store, to exercise control over the premises. While, as in the instant case, the removing party argued the applicability of *Leitch*, the Court rejected this argument. Noting that *Selph* has not been specifically overturned, and therefore remains good law.

**D.     Discovery is Non-Existent in this Matter**

17. The district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the nondiverse defendant." *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 333-334, (5th Cir. 2004) (emphasis added) and *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003).

18. Defendant removed this case approximately six weeks after it was filed. Plaintiff has been afforded no opportunity to conduct discovery or otherwise develop claims against any Defendants, including Lopez. The total absence of any discovery prohibits both the court and any party from concluding no possibility of a cause of action exists in state court. Where the case is in an early stage, "simply pointing to the plaintiff's lack of evidence ... is insufficient" to establish fraudulent joinder. *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) at 650. The removing defendant "must put forward evidence that would negate a possibility of liability" as to the resident defendant. *Id.*

19. Removal at such a stage is improper under the reasoning of *Travis* and *McKee*. The Fifth Circuit's remand held "discovery was continuing" and that "the lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was fraudulently joined." *Id.* at 649. In the initial stages of the litigation, it is "not necessary that [the plaintiff] prove her claims against the non-diverse defendants but rather only that she have claims to be proven against these defendants." *McKee*, 358 F.3d at 336.

20. In the case at bar, there are many legal and factual issues that need to be determined regarding Defendant, Ruben Lopez, both individually and as store manager of Defendant Walmart's Navasota, Texas, store. All of the legal and factual issues with respect to Defendant, Ruben Lopez, will not be known until discovery has been conducted and even completed.

21. The factual issues in this matter include but are not limited to, what did Ruben Lopez know about this aged handicap parking hole? Had Defendant, Ruben Lopez, observed this defect in his individual capacity or in his managerial capacity? Had this defect in the handicap parking spot been there long? Had there been any reports to Defendant, Ruben Lopez? Did Defendant, Ruben Lopez, act within or outside the scope of his employment with respect to any

complaints, knowledge, or reporting regarding this defect? What action was he required to take as a manager with respect to such handicap parking spot defects? What training did Defendant, Ruben Lopez, have regarding handicap parking spots? What training was Defendant, Ruben Lopez, required to take as a manager of Walmart for safety and did not take?

22. In light of these and a myriad of such questions and without any discovery being done the Defendants cannot meet their burden to establish improper joinder and that removal is proper.

### E. Alternative Relief Sought

23. While Plaintiff firmly believes this matter is ripe for remand, in the event the Court is unable to make a ruling based on the current status, Plaintiff respectfully requests, only in the alternative to a denial of the remand, that Plaintiff be allowed to perform discovery and take the deposition of Ruben Lopez to obtain additional evidence in support of the remand. Trial courts have the "authority" and "duty" to make the necessary inquiries to establish whether jurisdiction is proper. *Unified 2020 Realty Partner, L.P. v. Proxim Wireless Corp.*, 2011 U.S. Dist. LEXIS 72465, *1; 2011 WL 2650199 (N.D.Tex 2011), (citing, *Foret v. S. Farm Brueau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658, 667 (5th Cir. 1971)).

## III.

## CONCLUSION

24. Accordingly, Plaintiff, Lynn Lowery, respectfully requests that this Court **remand** this cause to the 506th Judicial District Court of Grimes County, Texas, with the cost of such **remand** taxable to Defendants.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON, & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845-1515
Telephone:  (979) 694-7000
Facsimile:  (979) 694-8000

By:   /s/Roy D. Brantley
     ROY D. BRANTLEY
     Fed. ID No.:  9908
     State Bar No.:  02899740
     E-mail: roy.brantley@westwebblaw.com
     DONALD DELGADO
     Fed. ID No. 1022034
     State Bar No. 12562320
     E-mail: donald.delgado@westwebblaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered to counsel listed below via ECF and facsimile on this 17th day of February, 2017:

Mr. John A. Ramirez         **VIA FACSIMILE:**
Bush & Ramirez, PLLC
5615 Kirby, Suite 900
Houston, Texas  77005
**ATTORNEYS FOR DEFENDANTS**

     /s/Roy D. Brantley
     Roy D. Brantley