United States District Court
Southern District of Texas
**ENTERED**
March 15, 2017
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN LOWERY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:17-cv-0166 |
| | § | |
| WAL-MART STORES TEXAS, LLC , | § | |
| *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

On January 19, 2017, Defendants Wal-Mart Stores Texas, LLC,[1] ("Wal-mart") and Ruben Lopez (collectively, "Defendants") removed this case from the

---

[1]   Plaintiff named four Wal-Mart entities as defendants in her original Petition filed in state court: Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter (Navasota), Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter (Navasota), Wal-Mart Stores Texas, LP d/b/a Wal-Mart Supercenter (Novasota), and Wal-Mart Stores Texas, LLC d/b/a Wal-Mart Supercenter (Navasota).  *See* Plaintiff's Original Petition and Request for Disclosure ("Petition") [Doc. # 1-2], at 1.  Plaintiff also named the alleged store manager, Ruben Lopez. *See id.*  Defendants filed an Answer in state court for Lopez and Wal-Mart Stores Texas, LLC.  *See* Defendants' Original Answer [Doc. # 1-3], at 1.  Defendants continue to assert that the only Wal-Mart entity properly a party to this suit is Wal-Mart Stores Texas, LLC.   *See* Notice of Removal [Doc. # 1], at 1 ("Wal-Mart Stores Texas, LLC, incorrectly named as Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Wal-Mart Stores Texas, LP … .")

Wal-Mart explained the ownership structure of Wal-Mart Stores Texas, LLC, at length in the Notice of Removal.  *See* Notice of Removal [Doc. # 1], at 3 ¶ 7.  Defendants represent that Wal-Mart Stores Texas, LLC is not a citizen of Texas, but rather a citizen of Delaware and Arkansas.  *See id.*; *Tewari De-Ox Systems,*
(continued…)

506th Judicial District of Grimes County, Texas, where it was filed under Cause No. 33947. Pending before the Court is Plaintiff Lynn Lowery's Motion to Remand ("Motion") [Doc. # 6]. Defendants have filed a Response. [Doc. # 7]. Plaintiff has neither filed a reply nor requested additional time to do so. After considering the parties' briefing, all matters of record, and the applicable legal authorities, the Court **denies** Lowery's Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Lowery, a resident of Texas,[2] brings this action against Defendants to seek compensation for injuries she allegedly suffered in the Wal-Mart parking lot on or about December 24, 2014.[3] Lowery's state court Original Petition and Request for Disclosure ("Petition") [Doc. # 1-2] alleges that after Lowery purchased certain items in the Wal-Mart store in Navasota, Texas, she carried her merchandise to her car, which she had earlier properly parked in a handicapped parking spot.[4] Lowery

---

(continued…)
*Inc. v. Mountain States/Rosen, Ltd.*, 757 F.3d 481, 483 (5th Cir. 2014) (citizenship of a limited liability company is determined by reference to the citizenship of each of its members). Wal-Mart must file an affidavit by March 24, 2017, setting forth whether Wal-Mart Stores Texas, LLC or any other of the named Wal-Mart entities in the Petition is a citizen of Texas.

[2]   *See* Petition [Doc. # 1-2], at 2 ¶ 2.

[3]   *Id.* at 4 ¶ 13.

[4]   *Id.*

opened the trunk of her car, stepping back as she did so to allow the door space to lift.[5]  Lowery's foot caught in a hole that pocked the handicapped parking spot.[6] She fell backward, bracing herself with her right hand as she landed on the right side of her body.[7]  Medical practitioners at St. Joseph Grimes County Health Center, where Lowery sought care immediately following her fall, informed her she had fractured her wrist and back.[8]

Lowery initiated this action in state court on December 9, 2016, bringing claims against Wal-Mart[9] and Lopez, the store manager at the time of Lowery's fall, under theories of respondeat superior liability, premises liability negligence and gross negligence.[10]  Lowery seeks damages potentially in excess of $100,000 for past and future physical pain and suffering, past and future medical expenses, past and future physical impairment, past and future physical disfigurement, emotional distress, "loss of the ability to enjoy life," and punitive and/or exemplary

[5]     *See id.*

[6]     *Id.*

[7]     *Id.*

[8]     *Id.* at 4-5 ¶ 14.

[9]     *See supra* note 1.

[10]    *Id.* at 5-6 ¶¶ 17-19, 6 ¶ 21.

damages.[11]

On January 19, 2017, Defendants removed the action on the grounds that this court has diversity jurisdiction under 28 U.S.C. § 1332.[12]  Defendants assert that Lopez, the only non-diverse Defendant, was improperly joined.[13]  Lowery's Motion to Remand [Doc. # 6] followed.

## II.   <u>LEGAL STANDARD FOR REMOVAL</u>

"Federal courts are courts of limited jurisdiction."  *Gunn v. Minton*, __ U.S. __, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Hotze v. Burwell*, 784 F.3d. 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377).  Any state court civil action over which the federal courts would have original jurisdiction may be removed by the defendant to federal court.  *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013).

District courts have both federal question jurisdiction and diversity

---

[11]    *Id.* at 6-7 ¶ 22, 7 ¶ 24.

[12]    Notice of Removal [Doc. # 1], at 2 ¶ 2.

[13]    *See id.* at 3 ¶ 8; *supra* note 1.

4

jurisdiction.   Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331. A district court also has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States."   28 U.S.C. § 1332(a)(1).[14]   Diversity jurisdiction requires *complete* diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper.   *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014).

## III.   DISCUSSION

### A.     Improper Joinder Standards

"A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant

---

[14]     Plaintiff does not dispute that the amount in controversy requirement is met in this case.   *Cf.* Petition [Doc. # 1-2], at 7 ¶ 24 ("Plaintiff's counsel seeks monetary relief, the maximum of which is greater than $100,000 … Plaintiff seeks pre-judgment and post-judgment interest at the highest legal rate.")

that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt.*, 818 F.3d at 199 (emphasis in original) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d. 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005)); *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).  The Fifth Circuit repeatedly has explained that a defendant seeking to defeat a motion to remand on the basis of improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

The party asserting improper joinder bears a heavy burden of persuasion. *See, e.g.*, *Kling Realty*, 575 F.3d at 514.  "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).  "In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood*, 385 F.3d. at 574.  "Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), *abrogated in part on other grounds by Smallwood*, 385 F.3d at 573); *accord B., Inc. v. Miller*

6

*Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

To determine whether an in-state defendant has been improperly joined, the Court usually "conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. District courts apply the substantive law of the forum state to determine the merits of a claim over which they properly have diversity jurisdiction. *See Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420-21 (5th Cir. 2001) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)). The Fifth Circuit recently held, however, that federal pleading standards, rather than state standards, govern federal courts' determinations regarding improper joinder. *Int'l Energy Ventures,* 818 F.3d at 202. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

B.      Analysis

      1.      **Legal Standards for Premises Liability and Gross Negligence Claims**

Lowery asserted premises liability negligence and gross negligence claims against all Defendants.[15]   Defendants argue that Lowery's claims fail with respect to Lopez, the non-diverse Defendant, because Lowery has not alleged that Lopez owed her a duty apart from that which Wal-Mart owed any store patron.[16]   Lowery contends that her state court pleadings present sufficient allegations with respect to Lopez for purposes of joinder.   Lowery also requests, as an alternative to a denial of remand, that she be permitted to conduct discovery to obtain evidence in support of remand.[17]

Premises liability, a species of negligence, requires a plaintiff show existence of a duty, breach of that duty, and damages suffered by the plaintiff that were proximately caused by the breach.   *See W. Invs., Inc. v. Urena*, 162 S.W.3d

---

[15]      *See* Petition [Doc. # 1-2], at 5-6 ¶¶ 18-21.  Lowery also asserted liability under a theory of respondeat superior, which necessarily applies to Wal-Mart only.  *See id.* at 5 ¶ 17.

[16]      *See* Notice of Removal [Doc. # 1], at 10-11 ¶ 31, 11 ¶ 32; Defendants, Wal-Mart Stores Texas, LLC, and Ruben Lopez's Response to Plaintiff's Motion to Remand ("Response") [Doc. # 7], at 1-2 ¶ 1, 6-7 ¶ 12.

[17]      Motion [Doc. # 6], at 8 ¶ 23.

547, 550 (Tex. 2005).[18]  The scope of the duty under a premises liability theory turns on the status of the plaintiff at the time of the incident.  *Id.*  In Texas, a property owner or occupier owes invitees a duty to use ordinary care to reduce or to eliminate an unreasonable risk of harm created by a premises condition that it knew or should have known about.  *See id.*

"To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim *and* demonstrate clear and convincing evidence of 'an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others.'"  *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014) (emphasis in original) (quoting *State v. Shumake,* 199 S.W.3d 279, 286 (Tex. 2006)).  "Extreme risk [ ] 'is not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious

---

[18]     Premises liability and active negligence liability differ with respect to scope of duty and causation.  *See Del Lago Partners, Inc.*, 307 S.W.3d 762, 776 (Tex. 2010); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).  The scope of the duty under a premises liability theory turns on the status of the plaintiff at the time of the incident.  *W. Invs., Inc.*, 162 S.W.3d at 550 (Tex. 2005). Whereas negligent activity "encompasses a malfeasance theory based on affirmative, contemporaneous conduct" that caused the injury, premises liability "encompasses a nonfeasance theory based on the … failure to take measures to make the property safe."  *Del Lago Partners, Inc.*, 307 S.W.3d at 776 (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998)).

injury to the plaintiff.'"  *Id.* (quoting *Mobil Oil Corp. v. Ellender,* 968 S.W.2d 917, 921 (Tex. 1998)).

In Texas, an individual acting as an officer, agent, or employee of a company can only be held individually liable for negligence when the individual owes an independent duty of reasonable care to the injured party apart from the employer's duty.  *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).  This principle was explained by the Texas Supreme Court in 1996 in *Leitch.*  There, an employee brought negligence claims against his company and two of the company's corporate officers for injuries the employee sustained on the job when he was unloading equipment.  *Leitch,* 935 S.W.2d at 116.  The Court held that the officers' actions or inactions arose within their capacities as officers, that the officers did not owe the employee an individual duty to provide a safe work place, and that the court of appeals erred in affirming their individual liability.  *Id.* at 118.

In 1998, the Fifth Circuit declined to extend *Leitch* beyond the employer-employee context in the unpublished opinion *Valdes v. Wal–Mart Stores, Inc.*, 158 F.3d 584 (5th Cir. 1998), noting that "*Leitch* was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context."  *Valdes*, 158 F.3d at *5 n.6.  In 2005, however, the Texas Supreme Court expanded *Leitch*'s application to premises cases in *Tri v. J.T.T. &*

*M.T.*, 162 S.W.3d 552, 562 (Tex. 2005).  *Tri* concerned two female plaintiffs who were raped by a monk while they were guests at a Buddhist temple in California.  *Tri,* 162 S.W.3d at 554.   The plaintiffs' lawsuit included causes of action against both the corporation that operated the Buddhist temple and an officer of the corporation.  *Id.*  The trial court declined to render judgment against the officer, even though the jury found that the officer and the corporation acted negligently.  *Id.* at 555–56.   Agreeing with the trial court's ruling, the Texas Supreme Court stated that

> a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation.  Corporations can, of course, only act through individuals. We explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not. Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.

*Id.* at 562 (footnotes and internal quotations omitted).

### 2.    Application to Lopez

Lowery's Petition [Doc. # 1-2] does not allege any facts against Lopez in his individual capacity.  Instead, it alleges generally that "Defendants" failed to warn Lowery adequately of the hole in the parking lot, failed to make the condition reasonably safe, and that such actions also constituted gross negligence and

malice.[19]   Indeed, the Petition specifies that "[w]henever this Petition alleges that Defendants did any act or thing, the Petition means that the Defendants' officers, agents, servants, employees, or representatives did such an act or thing and … it was done with the full authorization or ratification of the Defendants, or was done in the normal and routine course and employment of the Defendants' officers, agents, servants, employees, or representatives."[20]

This Court concludes that under Texas law, Lowery cannot establish a premises liability or gross negligence claim against Lopez.  Lowery fails to allege any facts that would allow the Court to reasonably conclude that Lopez had any duty owed to Lowery, other than duties he owed as an employee of Wal-Mart.

Lowery argues the Petition [Doc. # 1-2] adequately alleges Lopez owed Lowery a duty of care independent of that owed her by Wal-Mart.  This argument is unavailing.  Every act by Lopez that Lowery describes is an alleged dereliction of Lopez's employee duties, rather than of any independent duty he possessed with respect to the safety of the Wal-Mart parking lot.  To the extent, moreover, that Lowery contends that Lopez was deficient in performing his duties as a store manager, she recognizes that his actions and omissions were those of an employee,

---

[19]     *See* Petition [Doc. # 1-2], at 6 ¶¶ 19-21.

[20]     Petition [Doc. # 1-2], at 5 ¶ 17.

an agent for Wal-Mart.

Because Lowery has failed to demonstrate the existence of any independent duty on the part of Lopez, she cannot establish a cause of action for premises liability or gross negligence against Lopez individually.  *See Solis v. Wal–Mart Stores East, L.P.*, 617 F.Supp.2d 476, 481 (S.D. Tex. 2008); *see also McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006); *Bourne v. Wal–Mart Stores, Inc.,* 582 F.Supp.2d 828, 838 (E.D. Tex. 2008); *Allen v. Home Depot U.S.A., Inc.,*No. SA–04–0CA703XR, 2004 WL 2270001, at *3 (W.D. Tex. Oct. 6, 2004); *Gipson v. Wal–Mart Stores, Inc.,* No. H–08–2307, 2008 WL 4844206, at *5 (S.D. Tex. Nov. 3, 2008).

### 3.    Discovery

Lowery alternatively seeks leave to conduct discovery, including taking the deposition of Lopez, to support her allegations against Lopez and show that remand is appropriate.[21]   Lowery argues that "[t]he total absence of any discovery prohibits both the court and any party from concluding no possibility of a cause of action exists in state court."[22]   All of Lowery's allegations regarding Lopez,

---

[21]    *See* Motion [Doc. # 6], at 7-8.

[22]    *Id.* at 7 ¶ 18.  Lowery provides the following examples of issues she argues are relevant to the question of improper joinder:

…[W]hat did Ruben Lopez know about this aged handicap parking hole? Had [Lopez] observed this defect in his individual capacity or in his
(continued…)

however, concern Lopez's job duties.  Any responsibility Lopez might have for his alleged acts or omissions would be imputed to Wal-Mart.  Discovery on these matters will not assist Lowery in asserting a viable claim against Lopez individually.  There is no possibility of Lowery stating a viable claim against Lopez for premises liability, and thus no possibility of a viable gross negligence claim.  Lopez has been improperly joined.  *Cf. Kopczynski v. Wal-Mart Stores Texas, LP*, Civil Action No. H–10–4507, 2011 WL 902237, at *6 (S.D. Tex. Mar. 14, 2011) (denying motion to amend complaint to add two non-diverse Wal-Mart employees because plaintiff, allegedly injured after slipping on the floor of a Wal-Mart store, could not prevail on her negligence claims against the store manager and store greeter in their individual capacities).

## IV.   IMPROPER JOINDER OF CERTAIN WAL-MART ENTITIES

Defendants contend three of the four Wal-Mart entities Plaintiff Lowery named as defendants in this suit—Wal-Mart Stores, Inc., Wal-Mart Stores East,

---

(continued…)

managerial capacity? Had this defect in the handicap parking spot been there long? Had there been any reports to [Lopez]? Did [Lopez] act within or outside the scope of his employment with respect to any complaints, knowledge, or reporting regarding this defect? What action was he required to take as a manager with respect to such handicap parking spot defects? What training did [Lopez] have regarding handicap parking spots? What training was [Lopez] required to take as a manager of Walmart for safety and did not take?

*Id.* at 7-8 ¶¶ 20-21.

14

LP, and Wal-Mart Stores Texas, LP—are also improperly joined.  Lowery has not contested this proposition.  Nevertheless, because those entities were named in the suit at the time of removal, Defendants must file an affidavit attesting that none of those three entities is a citizen of Texas.  The affidavit must be filed by March 24, 2017.  Defendants must move for dismissal of these three entities promptly if they are not necessary or properly named in this action.

## V.      CONCLUSION AND ORDER

While the burden to prove fraudulent or improper joinder is a heavy one, Defendants have met it in this case.  Diversity jurisdiction exists with respect to Lopez's joinder and removal was proper.  It is hereby

**ORDERED** that Lopez will be dismissed from this suit upon Defendants' motion seeking that relief.  It is further

**ORDERED** that Defendants shall move for the dismissal of Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, or Wal-Mart Stores Texas, LP promptly if such entities are not necessary to or properly named in this suit.  It is further

**ORDERED** that Plaintiff Lowery's Motion to Remand [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this 15<u>th</u> day of **March, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE